[Cite as *State v. Grenter*, 2013-Ohio-3208.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0009** |
| ARTHUR A. GRENTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2007 CR 433.

Judgment: Appeal dismissed.

*Thomas L. Sartini*, Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Arthur A. Grenter*, pro se, PID: 552-453, Marion Correctional Institution, P.O. Box 540, Marion, OH 43301-0057 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} On February 15, 2013, appellant, Arthur A. Grenter, filed a pro se motion for leave to file a delayed appeal pursuant to App.R. 5(A). Along with his motion, appellant filed a notice of appeal from a September 24, 2012 judgment of the Ashtabula County Court of Common Pleas, overruling his motions to unseal his pre-sentence investigation, for findings of fact and conclusions of law, and to vacate "multiple void judgments."

{¶2} Appellee, the state of Ohio, filed a response in opposition on February 22, 2013.

{¶3} App.R. 4(A) states, in part, that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed * * *."

{¶4} In this case, Mr. Grenter's notice of appeal was due by October 24, 2012. However, it was not filed until February 15, 2013. Thus, it is untimely by nearly four months.

{¶5} App.R. 5(A) states, in part:

{¶6} (1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶7} (a) Criminal proceedings;

{¶8} * * *

{¶9} (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *

{¶10} In his motion, appellant asserts that his appeal is untimely because, "[d]uring the time period of the months of July to December 2012 and beyond," he suffered from physical and mental health issues, was deprived of medication, and was under suicide watch, all of which hindered his pursuit of "meaningfully continuing" his case in a timely manner. However, we note that during those six months, appellant was capable of filing two other appeals with this court (11th Dist. No. 2012-A-0046, 2012-Ohio-5596, filed September 14, 2012; and 11th Dist No. 2012-A-0050, 2012-Ohio-6128, filed October 26, 2012); two appeals with the Ohio Supreme Court (133 Ohio St.3d 1489, 2012-Ohio-5459, filed August 17, 2012; and 134 Ohio St.3d 1418, 2013-Ohio-158, filed September 13, 2012); and numerous motions with the Ashtabula County Court of Common Pleas in the underlying case, three of which are now the subject of this motion for delayed appeal (filed August 23, 2012, and September 14, 2012). Although we would not require appellant to attach confidential medical records to his motion in order to corroborate his asserted infirmities, we must not turn a blind eye to the entire record of proceedings appellant has himself put before this court.

{¶11} Appellant has a constitutional right to appeal his conviction. However, this appeal concerns motions to unseal a pre-sentence investigative report, for findings of fact and conclusions of law, and to vacate "multiple void judgments." Appellant's belated direct appeal of his conviction, along with a motion for delayed appeal, was filed on December 14, 2011—over three years after his August 7, 2008 conviction and sentence. *State v. Grenter*, 11th Dist. No. 2011-A-0071, 2012-Ohio-297. This court, in its sound discretion, denied his motion for a delayed appeal of his conviction at that

3

time. *Id.* A constitutional right to appeal does not mean that one can ignore the rules of practice and procedure.

{¶12} We further note that since 2011, appellant has filed no less than five appeals, all pro se, from the same trial court case. He has brought timely appeals on other matters and has prosecuted two previous appeals with this court entirely on his own. *State v. Grenter*, 11th Dist. No. 2011-A-0013, 2011-Ohio-6003; *State v. Grenter*, 11th Dist. No. 2011-A-0076, 2012-Ohio-3419. Appellant should know better than most what is necessary to timely perfect an appeal. His self-serving, uncorroborated assertions that he has mental and physical infirmities that prevented him from complying with the requirement to timely file an appeal fall short of what is necessary to allow a delayed appeal under App.R. 5(A).

{¶13} In addition, appellant has provided nothing to indicate why allowing this delayed appeal would prevent a manifest miscarriage of justice. An appeal of the trial court judgment of September 24, 2012, appears to be simply a rehashing of prior arguments presented by appellant.

{¶14} Accordingly, it is ordered that appellant's pro se motion for leave to file a delayed appeal is hereby overruled.

{¶15} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.